**COSTELLO & MAINS, LLC**
By: Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| PAULA PROVENZANO, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff(s), | : |
| | :          CIVIL ACTION |
| vs. | : |
| | : **Electronically filed** |
| ALTRAN US CORP. and JOHN DOES 1-5 AND 6-10, | : |
| | : DOCKET NO: |
| | : |
| Defendant(s). | : |
| | : **COMPLAINT AND JURY DEMAND** |
| | : |

Plaintiff Paula Provenzano ("Plaintiff"), by way of complaint against the defendant, says:

### Preliminary Statement

1. This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3. Because defendant is a resident of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

1. Plaintiff Paula Provenzano resides at 3336 Ashfield Lane, Philadelphia, PA 19154. At all pertinent times herein, plaintiff was employed by defendant.

2. Defendant Altran US Corp. ("Altran") is a corporation that provides engineering and manufacturing services, maintaining corporate residence 1 Altran Court, Burlington, New Jersey 08505.

3. SEI is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL, having gross income in excess of $500,000 per year.

4. Plaintiff, in the course of her employment at Altran, routinely interacted with interstate commerce.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

## General Allegations

6. Plaintiff was employed by defendants from July 6, 2010 through on or about September 7, 2017. Plaintiff's separation from employment is not at issue in this matter.

9. From 2010 until approximately July 19, 2016, Plaintiff was employed as a CAD drafter. That period of her employment is not an issue in the litigation.

10. On or about July 20, 2016, Plaintiff changed positions, becoming a Document Control Specialist.

11. As a Document Control Specialist, Plaintiff was responsible for document management for the company and its clients. Specifically, plaintiff performed the following duties: maintained "job books," which are comprehensive hard copies of projects kept for record

retention; shredded documents; reorganized files; scanned and saved hard copy drawings; typing; reviewing of packages prior to shipping; printing, folding, packing, shipping and tracking completed projects via overnight delivery service; executed project archive searches; ordered supplies; prepared and uploaded electronic zip files of completed projects to client file sharing sites; maintained and tracked updated drawing lists; and other tasks as assigned by her superiors.

12. Plaintiff was compensated on salary basis, earning $60,000 per year at the start of her time as a Document Control Specialist, with an increase to $61,200 per year in 2017.

13. Plaintiff regularly worked in excess of 40 hours per week, working as much as 80 hours per week.

14. Without records that are in the possession, custody and control of defendant, plaintiff cannot plead with specificity the number of hours worked each week during the course of her employment.

15. Plaintiff's job duties did not fall within any exemption to the overtime requirements of the FLSA or NJWHL.

16. Defendant failed to pay plaintiff overtime compensation for any hours worked in excess of 40 hours per week.

## COUNT I

## FLSA Violation

17. Plaintiff hereby repeats and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff, during the course of her employment as a Document Control Specialist, regularly worked more than forty hours in a work week.

19. Defendant failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

20. Defendant, by the above acts, has violated 29 U.S.C. Sec. 207.

21. Plaintiff has suffered monetary damages as a result of defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendant to make plaintiff whole for all unpaid overtime wages due as a consequence of defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### **Violation of the NJWHL**

22. Plaintiff hereby repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff, during the course of her employment as a Document Control Specialist, regularly worked more than forty hours in a work week.

24. Defendant failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

25. Defendant, by the above acts, has violated the New Jersey Wage and Hour Law.

26. Plaintiffs has suffered monetary damages as a result of defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

    (a)    declaring that the acts and practices complained of herein are in violation of the NJWHL;

    (b)    directing defendant to make plaintiff whole for all unpaid overtime wages due as a consequence of defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

    (c)    awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

   (d) granting such other and further relief as this Court deems necessary and proper.

          Respectfully submitted,

          **COSTELLO & MAINS, P.C.**


          By: /s/ Deborah L. Mains
            Deborah L. Mains
          18000 Horizon Way, Suite 800
          Mt. Laurel, New Jersey 08054
          856-727-9700
          dmains@costellomains.com

          Attorneys for Plaintiff

Dated:  June 13, 2018

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
     Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
     Deborah L. Mains

## **DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, P.C.**

By: __/s/ Deborah L. Mains_____
      Deborah L. Mains